**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
|  | **CIVIL ACTION NO:** |
| **Nationstar Mortgage LLC** |  |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>12 Frost Heave Road, Baldwin, ME 04024 |
| **Corey E. Hermance** | Mortgage:<br>09/21/2009<br>Book 27268, Page 260 |
| **Defendant** |  |

NOW COMES the Plaintiff, Nationstar Mortgage LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Corey E. Hermance as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by Nationstar Mortgage LLC, in which the Defendant is the obligor and the total amount owed under the terms of the Note is one hundred forty thousand, seven hundred seventy-one dollars and forty-seven cents ($140,771.47), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Nationstar Mortgage LLC is a corporation organized under the laws of the State of Texas, with its principal place of business located at 8950 Cypress Waters Boulevard, Coppell, Texas 75019

5. The Defendant, Corey E. Hermance is a resident of Baldwin, County of Cumberland, and State of Maine.

## FACTS

6. On September 27, 2009, by virtue of a Warranty Deed from Rudy Ryan Hale and Nicole Lynn Hale, which is recorded in the Cumberland County Registry of Deeds in **Book 27268, Page 258**, the property situated at 12 Frost Heave Road, Town of Baldwin, County of Cumberland, and State of Maine, was conveyed to the Defendant, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On September 21, 2009, the Defendant executed and delivered to Academy Mortgage Corporation a certain Note in the amount of $147,959.00 (herein after referred to as the "Note"). *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on September 21, 2009, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Academy Mortgage Corporation, a Utah Corporation, securing the property located at 12 Frost Heave Road, Baldwin, ME 04024 which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 27268, Page 260** (herein after referred to as the "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Bank of America, N.A. by virtue of an Assignment of Mortgage dated September 11, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29953, Page 333**. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit D.

10. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of a Corporate Assignment of Mortgage dated December 17, 2012, and recorded in the Cumberland County Registry of Deeds in **Book 30281, Page 160**. A true and correct copy of the Corporate Assignment of Mortgage is attached hereto as Exhibit E.

11. The transfer of all the rights contained in the Mortgage was further ratified and confirmed by the Quitclaim Assignment dated November 30, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32839, Page 42**. A true and correct copy of the Quitclaim Assignment is attached hereto as Exhibit F.

12. On May 2, 2016, the Defendant was sent a Notice of Mortgagor's Right to Cure, as evidenced by a Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13. The Demand Letter informed the Defendant of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit G.

14. The Defendant failed to cure the default prior to the expiration of the Demand Letter.

15. Nationstar Mortgage LLC is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. Nationstar Mortgage LLC is the lawful holder and owner of the Note and Mortgage.

17. The total debt owned under the Note and Mortgage as of August 25, 2016, if no payment are made, is one hundred forty thousand, seven hundred seventy-one dollars and forty-seven cents ($140,771.47), which included unpaid principal in the amount of one hundred thirty-three thousand, two hundred nineteen dollars and fifteen cents ($133,219.15), unpaid interest in the amount of four thousand, one hundred forty-five dollars and thirty-two cents ($4,145.32), late fees in the amount of one hundred sixty-eight dollars ($168.00), deferred late fees in the amount of six hundred sixty-four dollars ($664.00), lender paid expenses in the amount of three hundred thirty dollars ($330.00), and legal fees in the amount of two thousand, two hundred forty-five dollars ($2,245.00).

18. Upon information and belief, the Defendant is presently in possession of the subject property originally secured by the Mortgage.

# COUNT I – FORECLOSURE

19. Nationstar Mortgage LLC repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure respecting a real estate related mortgage and title located at 12 Frost Heave Road, Town of Baldwin, County of Cumberland, and State of Maine. *See* Exhibit A.

21. The Plaintiff is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

22. Nationstar Mortgage LLC is the current owner and investor of the aforesaid Mortgage and Note.

23. Defendant Corey E. Hermance is presently in default on said Mortgage and Note, having failed to make the monthly payment due March 1, 2016, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

24. The total debt owned under the Note and Mortgage as of August 25, 2016, if no payment are made, is one hundred forty thousand, seven hundred seventy-one dollars and forty-seven cents ($140,771.47), which included unpaid principal in the amount of one hundred thirty-three thousand, two hundred nineteen dollars and fifteen cents ($133,219.15), unpaid interest in the amount of four thousand, one hundred forty-five dollars and thirty-two cents ($4,145.32), late fees in the amount of one hundred sixty-eight dollars ($168.00), deferred late fees in the amount of six hundred sixty-four dollars ($664.00), lender paid expenses in

the amount of three hundred thirty dollars ($330.00), and legal fees in the amount of two thousand, two hundred forty-five dollars ($2,245.00).

25. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

27. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant on May 2, 2016, as evidenced by a Certificate of Mailing. *See* Exhibit G.

28. The Defendant is not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

29. Nationstar Mortgage LLC repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. On September 21, 2009, the Defendant executed and delivered to Academy Mortgage Corporation a certain Note in the amount of $147,959.00. *See* Exhibit B.

31. Defendant Corey E. Hermance is in default for failure to properly tender the March 1, 2016. payment and all subsequent payments. *See* Exhibit G.

32. Nationstar Mortgage LLC is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant.

33. The Defendant, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

34. Defendant Corey E. Hermance's breach is knowing, willful, and continuing.

35. Defendant Corey E. Hermance's breach has caused Plaintiff Nationstar Mortgage LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

36. The total debt owned under the Note and Mortgage as of August 25, 2016, if no payment are made, is one hundred forty thousand, seven hundred seventy-one dollars and forty-seven cents ($140,771.47), which included unpaid principal in the amount of one hundred thirty-three thousand, two hundred nineteen dollars and fifteen cents ($133,219.15), unpaid interest in the amount of four thousand, one hundred forty-five dollars and thirty-two cents ($4,145.32), late fees in the amount of one hundred sixty-eight dollars ($168.00), deferred late fees in the amount of six hundred sixty-four dollars ($664.00), lender paid expenses in the amount of three hundred thirty dollars ($330.00), and legal fees in the amount of two thousand, two hundred forty-five dollars ($2,245.00).

37. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

38. Nationstar Mortgage LLC repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. By executing, under seal, and delivering the Note, Defendant Corey E. Hermance entered into a written contract with Academy Mortgage Corporation who agreed to loan the amount of $147,959.00 to the Defendant. *See* Exhibit B.

40. As part of this contract and transaction, Defendant Corey E. Hermance executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

41. Nationstar Mortgage LLC is the proper holder of the Note and successor-in-interest to Academy Mortgage Corporation, and has performed its obligations under the Note and Mortgage.
42. Defendant Corey E. Hermance breached the terms of the Note and Mortgage by failing to properly tender the March 1, 2016, payment and all subsequent payments. *See* Exhibit G.
43. Nationstar Mortgage LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant.
44. Defendant Corey E. Hermance, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.
45. Defendant Corey E. Hermance are indebted to Nationstar Mortgage LLC one hundred forty thousand, seven hundred seventy-one dollars and forty-seven cents ($140,771.47), for money lent by Plaintiff to the Defendant.
46. Defendant Corey E. Hermance's breach is knowing, willful, and continuing.
47. Defendant Corey E. Hermance's breach has caused Plaintiff Nationstar Mortgage LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.
48. The total debt owned under the Note and Mortgage as of August 25, 2016, if no payment are made, is one hundred forty thousand, seven hundred seventy-one dollars and forty-seven cents ($140,771.47), which included unpaid principal in the amount of one hundred thirty-three thousand, two hundred nineteen dollars and fifteen cents ($133,219.15), unpaid interest in the amount of four thousand, one hundred forty-five dollars and thirty-two cents ($4,145.32), late fees in the amount of one hundred sixty-eight dollars ($168.00), deferred late fees in the amount of six hundred sixty-four dollars ($664.00), lender paid expenses in

the amount of three hundred thirty dollars ($330.00), and legal fees in the amount of two thousand, two hundred forty-five dollars ($2,245.00).

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

50. Nationstar Mortgage LLC repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. Academy Mortgage Corporation, predecessor-in-interest to Nationstar Mortgage LLC, loaned Defendants Corey E. Hermance $147,959.00.  *See* Exhibit B.

52. Defendant Corey E. Hermance is in default for failure to properly tender the March 1, 2016 payment and all subsequent payments.  *See* Exhibit G.

53. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant has been unjustly enriched at the expense of the Plaintiff, Nationstar Mortgage LLC.

54. As such, Nationstar Mortgage LLC is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

55. Nationstar Mortgage LLC repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Academy Mortgage Corporation, predecessor-in-interest to Nationstar Mortgage LLC, loaned Defendant Corey E. Hermance $147,959.00.  *See* Exhibit B.

57. Defendant Corey E. Hermance has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

58. As a result, Defendant Corey E. Hermance has been unjustly enriched to the detriment of the Plaintiff, Nationstar Mortgage LLC as successor-in-interest to Academy Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

59. As such, Plaintiff Nationstar Mortgage LLC is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Nationstar Mortgage LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendant is in breach of the Note by failing to make payment due as of March 1, 2016, and all subsequent payments;

d) Find that the Defendant is in breach of the Mortgage by failing to make payment due as of March 1, 2016, and all subsequent payments;

e) Find that the Defendant entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due March 1, 2016 and all subsequent payments;

g) Find that Plaintiff is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendant has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles Plaintiff to restitution;

j) Find that the Defendant is liable to the Plaintiff for money had and received;

k) Find that the Defendant are liable to the Plaintiff for quantum meruit;

l) Find that the Defendant has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitled to restitution for this benefit from the Defendant;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant and in favor of Nationstar Mortgage LLC in the amount of one hundred forty thousand, seven hundred seventy-one dollars and forty-seven cents ($140,771.47), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Nationstar Mortgage LLC,
By its attorneys,

Dated: August 30, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center
Suite 225D
Beverly, MA 01915
(978) 921-2670